UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alec Scott Jackson, | Case No. 16-cv-0448 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |
| Macalester College, the United States Department of Education, and John King, Jr., in his official capacity as Acting Secretary of Education, | |
| Defendants. | |

This matter came before the Court on Plaintiff Alec Scott Jackson's Motion for Temporary Restraining Order (Dkt. 10). Jackson is a student at Macalester College in Saint Paul, Minnesota. Macalester is a private college that receives federal funding and is subject to Title IX for handling sexual-assault allegations. *See* 20 U.S.C. § 1681 *et seq.*; 34 C.F.R. § 106 *et seq.*

Macalester has initiated an investigation of Jackson for an alleged sexual assault that occurred on October 7, 2015 at Jackson's off-campus apartment. Jackson alleges that Macalester's investigative process lacks, among other things, Minnesota common law procedural due process protections. Jackson seeks to restrain Macalester from conducting any investigation or disciplinary proceeding regarding the alleged sexual assault until the Court addresses the merits of his due process and related statutory

claims. In addition, Jackson seeks to restrain the United States Department of Education from compelling Macalester to proceed with a Title IX enforcement action. Because Jackson failed to demonstrate that he will suffer immediate irreparable injury absent injunctive relief, the Court denies Jackson's Motion for Temporary Restraining Order.

## BACKGROUND

Macalester provides Jackson reasonable educational accommodations due to diagnoses of Asperger's Syndrome, bipolar disorder, and depression. On October 7, 2015, the Saint Paul Police Department arrested Jackson for an alleged off-campus sexual assault. After receiving notification of Jackson's arrest, Macalester commenced an investigation pursuant to its Sexual Misconduct Policy ("Policy"). Because Macalester is a recipient of federal funding, it has tailored its Policy to satisfy Title IX's regulations and the Department of Education's guidance on resolving sexual-assault allegations.

Macalester's Policy contains the following stages for the formal resolution of complaints: (1) Initiation of Complaint (by an individual complainant or Macalester), (2) Investigation, (3) Adjudication, (4) Notice of Outcome and (5) Appeal of Decision. Each stage of the formal resolution process contains intermediate procedures. Relevant to the disposition of this motion, the investigation stage includes interviews conducted by one or more college-designated investigators. Those to be interviewed include the complainant, the alleged perpetrator and any other witnesses that the investigators believe should be interviewed. During these interviews, the investigators may be directed to other relevant evidence. The investigators must compile an investigation file consisting

of any information, documents, recordings or other evidence that will be provided to the adjudicators. The investigation file may include a written investigator report. The Policy outlines ten non-exclusive sanctions and remedies that Macalester may impose on an individual found to have violated the Policy.

On October 8, 2015, after notifying Jackson that it had received information regarding his arrest and would be conducting an investigation, Macalester requested to meet with Jackson the following morning. Jackson met with Macalester's Title IX Coordinator on October 9, 2015. Jackson's attorney, acting as an advisor rather than an advocate (as required by the Policy), also attended the meeting and advised Macalester that Jackson might require reasonable accommodations during the investigative process. On December 15, 2015, as part of the investigation, Macalester's designated investigator interviewed the complainant. The investigator scheduled a February 25, 2016 interview with Jackson. Shortly before the interview, Jackson filed a Complaint (Dkt. 1) and then a Motion for Temporary Restraining Order (Dkt. 10), seeking to enjoin the application of Macalester's Policy pending this Court's review. Macalester agreed to suspend any further investigation pending the resolution of this motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes a court to grant injunctive relief in the form of either a temporary restraining order or a preliminary injunction. Injunctive relief is an extraordinary remedy, and the burden rests with the movant to establish its propriety. See *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). A district court

considers four factors when evaluating whether a temporary restraining order is warranted: (1) the threat of irreparable harm to the movant, (2) the balance between this harm and the injury that the injunction will inflict on other parties, (3) the probability that the movant will succeed on the merits and (4) the public interest.  *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).[1]

## ANALYSIS

Although the probability of success on the merits is the predominant *Dataphase* factor, the Eighth Circuit has "repeatedly emphasized the importance of a showing of irreparable harm."  *Caballo Coal Co. v. Ind. Mich. Power Co.*, 305 F.3d 796, 800 (8th Cir. 2002).  A party seeking relief must demonstrate that the injury is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm. *Packard Elevator v. Interstate Commerce Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986). To carry its burden, a party must demonstrate that a cognizable danger of a future violation exists and is more than a mere possibility.  *See Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982) (citing *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931)). The failure to demonstrate irreparable harm is an independently sufficient ground to deny injunctive relief.  *Watkins, Inc.*, 346 F.3d at 844.

Both Macalester and the Department of Education assert that, at this stage of the investigation, Jackson cannot meet the legal standard for injunctive relief.  The Court

---

[1] The same legal standard applies to both a request for a temporary restraining order and a request for a preliminary injunction.  *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989).

4

agrees.  Under the Policy, Macalester is in the early stages of its multi-faceted, five-step process.  Macalester has yet to interview Jackson—should he elect to participate— regarding the alleged sexual assault.  Jackson posits that "there is a high likelihood" that Macalester will find him responsible for the alleged sexual assault and expel him in as little as a week's time.  This assertion is unsupported by the record.  Because speculative harm cannot justify the issuance of a preliminary injunction, *Taxpayers' Choice Volunteer Comm. v. Roseau Cnty. Bd. of Comm'rs*, 903 F. Supp. 1301, 1308 (D. Minn. 1995), the Court will not speculate as to whether Macalester will determine that Jackson is responsible for *any* violations of the Policy, or what sanction or remedy (if any) might be imposed.  "The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a *possibility* of a remote future injury, or a future invasion of rights …." *Rogers*, 676 F.2d at 1214 (quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 619 (3d Cir. 1969)) (emphasis added).

In light of the Court's conclusion regarding the first *Dataphase* factor, the Court need not address the Parties' arguments regarding the remaining *Dataphase* factors.[2]  *See also Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987) ("Once a court determines that the movant has failed to show irreparable harm absent an injunction, the

---

[2] Article III of the United States Constitution prohibits federal courts from issuing advisory opinions.  *KCCP Trust v. City of N. Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005); *see also Texas v. United States*, 523 U.S. 296, 300 (1998)  ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (citations omitted) (internal quotation marks omitted).

inquiry is finished and the denial of the injunctive request is warranted."). Moreover, at this stage of the proceedings, the balance of equities does not support the issuance of the requested restraining order. *See Dataphase*, 640 F.2d at 113. Accordingly, Jackson has failed to meet his burden of proof.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS HEREBY ORDER THAT Jackson's Motion for Temporary Restraining Order is **DENIED**.[3]

Dated:  March 11, 2016
                                              *s/Wilhelmina M. Wright*
                                              Wilhelmina M. Wright
                                              United States District Judge

---

[3] The Court need not consider Jackson's request to waive a security bond because the Court is denying his Motion for Temporary Restraining Order. *See* Fed. R. Civ. P. 65(c).